IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 09-cv-00563-PAB-BNB

JOHN MCCULLEY and
CARMEN MCCULLEY,

    Plaintiffs,

v.

TED MINK, Sheriff of Jefferson County, Colorado,
CARLA ZINANTI, Department Manager of Animal Control Section of Jefferson County,
 Colorado Sheriff's Office, and
KAYCEE STARKEY,

    Defendants.

## ORDER REGARDING MOTION TO DISMISS

This matter is currently before the Court on defendants Ted Mink and Carla Zinanti's motion to dismiss [Docket No. 21]. These defendants request that the Court dismiss the claims asserted against them in the amended complaint of plaintiffs John and Carmen McCulley [Docket No. 14]. The Court's jurisdiction over this matter is premised upon 28 U.S.C. § 1331, together with § 1367(a) or § 1441(c).

    **A.  Background**

This case arises out of a seizure by Jefferson County officials of property belonging to the plaintiffs or entrusted to them by others. The seizure took place on June 1, 2007. The McCulleys filed a complaint in the District Court for Jefferson County, Colorado on December 16, 2008. The complaint asserted federal constitutional and state tort claims against the Jefferson County Board of County

Commissioners and a trespass claim against their neighbor Kaycee Starkey. Defendant Starkey was served with the complaint on January 2, 2009 and filed an answer and counterclaim on February 11, 2009.  The Board, three days after being served with the complaint on March 13, 2009, removed the case to this Court.  On April 9, 2009, plaintiffs voluntarily dismissed their claims against the Board of County Commissioners [Docket No. 12].  The next day they filed an amended complaint asserting the same claim against defendant Starkey and constitutional and tort claims against two Jefferson County officials, defendants Mink and Zinanti, that are nearly identical to those originally asserted against the Board [Docket No. 14].

### B.  Defendants Mink and Zinanti's Motion to Dismiss

On April 27, 2009, defendants Mink and Zinanti filed a motion to dismiss the claims against them [Docket No. 21].  They argued that the state tort claims were both time-barred and precluded by the Colorado Government Immunity Act and that the McCulleys failed to state a constitutional claim.  Defendants Mink and Zinanti, upon receiving leave of the Court, then supplemented their motion to dismiss to incorporate an argument challenging the constitutional claim based on the "Open Fields Doctrine." [Docket No. 31].  Following plaintiffs' response [Docket No. 33] and defendants' reply [Docket No. 42], the Court held a hearing on the motion on July 21, 2009.

At the hearing, with the consent of the parties, the Court converted the motion to dismiss into a motion for summary judgment.  The Court then ruled from the bench and granted summary judgment in favor of defendants Mink and Zinanti on plaintiffs'

constitutional claim.[1]  Plaintiffs then conceded at the hearing that the Court's ruling on the constitutional claim effectively vitiated their tort claims against defendants Mink and Zinanti, pursuant to their governmental immunity defense.  Accordingly, the tort claims against defendants Mink and Zinanti will be dismissed.

As a result, all of the constitutional and state tort claims against defendants Mink and Zinanti will be or have been dismissed.  The only remaining claims in this case are the state law claim and counterclaim between the McCulleys and Kaycee Starkey.  Because each of these individuals is a citizen of Colorado, the Court lacks diversity jurisdiction over their state law claims.  Furthermore, with the only federal question in the case having been dismissed, the Court has no basis for original jurisdiction over the remaining claims and, therefore, must decide whether to exercise supplemental jurisdiction over this portion of the case.  *See, e.g.*, *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1145 (10th Cir. 2005).

### C.  Jurisdiction over the Remaining State Law Claims

When a case such as the present one is removed based upon the existence of a claim raising a federal question, the entire case may be transferred to federal court including those claims that otherwise would not fall under the court's original jurisdiction.  There are two mechanisms for such pendant or supplemental jurisdiction under Title 28 of the United States Code.  First, the removal statute explains that

> [e]xcept as otherwise expressly provided by Act of Congress, any civil
> action brought in a State court of which the district courts of the United
> States have original jurisdiction, may be removed by the defendant or the

---

[1] So that the record is clear, the Court reiterates in this order that summary judgment is granted on the constitutional claim.

> defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (2006). In cases, such as the present one, where the basis for original jurisdiction is a federal question, the supplemental jurisdiction statute provides that

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a) (2006). The supplemental jurisdiction statute also provides district courts with discretion regarding whether to maintain jurisdiction over supplemental claims:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if: (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c) (2006). The supplemental jurisdiction statute applies to cases removed to federal court. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997). The statute also applies to pendant parties, that is, parties against whom no claim is asserted which otherwise invokes the Court's jurisdiction but the claims are sufficiently related to the claim on which original jurisdiction is based so as to be part of the same case or controversy within the meaning of Article III of the Constitution. *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1181-82 (7th Cir. 1993); *see*

...
...

28 U.S.C. § 1367(a) ("Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.").

The second mechanism for pendant or supplemental jurisdiction in removal cases is 28 U.S.C. § 1441(c):

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

It has been said that a claim may not fall under both § 1367(a), which applies to related claims, and § 1441(c), which applies to "separate and independent" claims. *See* 14B Charles Wright, Arthur Miller, Edward Cooper, Richard Freer, Joan Steinman, Catherine Struve & Vikram Amar, Federal Practice and Procedure § 3722.3 (4th ed. 2009); *see also Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 354-55 & n.11 (1988). In the present case, the removing defendant, the Board of County Commissioners, claimed that 28 U.S.C. §§ 1331, 1441, and 1446 served as the basis for removal. By citing to § 1441, it is not clear whether the Board intended to invoke § 1441(a) and, by extension, § 1367(a) or whether it intended to invoke § 1441(c). Ultimately, however, it does not matter, for the supplemental jurisdiction analysis at this stage is essentially the same under either statute. *Cf. Westinghouse Credit Corp. v. Thompson*, 987 F.2d 682, 685 (10th Cir. 1993) ("In cases removed on the basis of [a federal question], whether under section 1441(a) or section 1441(c), the district court may always exercise its discretion to retain the entire case or remand portions based upon the factors set forth in *Gibbs* and recently affirmed in *Carnegie-Mellon*." (quoting

*Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1196 (9th Cir. 1988) (internal quotation marks and alteration omitted))).

In any event, following the dismissal of the only claim raising a federal question in this case, the Court finds itself faced with purely state law claims over which it does not have diversity jurisdiction. The remaining parties began litigating this case in state court, this Court has not been involved in the adjudication of the remaining claims to date, and the claims have not progressed in this Court due to a pending stay of all discovery [Docket No. 25]. Finally, the McCulleys have not selected this forum, nor has any party notified the Court that defendant Starkey consented to the removal of the case.

These facts convince the Court that the "the values of judicial economy, convenience, fairness, and comity," *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988), militate in favor of exercising the discretion imparted by § 1367(c) and § 1441(c) by remanding the remaining state law claim and counterclaim between the McCulleys and Kaycee Starkey to state court.

Therefore, it is

**ORDERED** that, for the reasons stated in the Court's oral ruling on July 21, 2009 and above, defendants Ted Mink and Carla Zinanti's motion to dismiss [Docket No. 21] is CONVERTED into a motion for summary judgment and GRANTED. All claims against these defendants in plaintiffs John and Carmen McCulley's amended complaint [Docket No. 14] are DISMISSED with prejudice. The only remaining claims in this case are the claim and counterclaim between the McCulleys and Kaycee Starkey. It is further

**ORDERED** that the Court declines to exercise its discretion to maintain jurisdiction over the claim and counterclaim between the McCulleys and Kaycee Starkey.  These claims, therefore, are REMANDED to the District Court for Jefferson County, Colorado where they were originally filed in case number 2008-cv-5361, Division 5.  It is further

**ORDERED** that the Clerk of the Court shall enter judgment in favor of defendants Mink and Zinanti and against plaintiffs John and Carmen McCulley on all of the claims asserted against these defendants.  Defendants Mink and Zinanti may have their costs by filing a bill of costs within fourteen days of the date of this order.

DATED December 9, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge